UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: RANDY VAN NOSTRAND            Case No. 09-30033-DOT
REBECCA L. VAN NOSTRAND
   Chapter 13 Debtors

## ORDER

Hearing was held May 20, 2009, on the chapter 13 trustee's objection to confirmation of the debtors' plan. At the conclusion of hearing the court ruled from the bench that the objection would be sustained in part and confirmation denied. An order denying confirmation was entered on May 20, 2009. This order supplements the court's bench ruling and the order denying confirmation.

The trustee's objection asserts that the following deductions from monthly projected disposable income on debtors' Official Form 22C (lines 47-48) are improper: 1) a contractual payment on a second deed of trust on debtors' residence, which debtors intend to avoid pursuant to 11 U.S.C. § 522(f); and 2) a contractual payment on a Trailmanor M-2720 travel trailer, which debtors intend to surrender.

The court sustained the trustee's objection to the deduction for the second deed of trust and took under advisement the trailer payment.

With respect to the second deed of trust payment, Code § 707(b)(a)(A)(iii)(I) allows debtors to deduct from gross monthly income payments that are "contractually due to secured creditors." The debtors propose to avoid their second deed of trust, and their schedules treat the claim as unsecured because the value of the real property exceeds the balance owing on the first deed of trust. Because the second deed of trust loan is an unsecured debt, the contractual payment may not be deducted on Schedule 22C. *See In re Thissen*, 400 B.R. 776, 781 (Bankr.

E.D.Cal. 2009).

After further consideration of the trailer payment, the court concludes that this is an appropriate secured contractual obligation that § 707(b)(A)(iii)(I) allows to be deducted on Schedule 22C notwithstanding surrender of the collateral. *See In re Crawley,* Case No. 08-14419, 2009 WL 902359, (Bankr. E.D. Va. Feb. 23, 2009); *In re Demesones*, Case No. 07-13270, 2008 WL 4735593 (Bankr. E.D. Va. Oct. 24, 2008). Accordingly, the trailer payment may be deducted, and trustee's objection will be overruled as to this payment.

Accordingly,

**IT IS ORDERED** that the Trustee's objection to confirmation of debtors' chapter 13 plan filed January 26, 2009, is **SUSTAINED**, and confirmation of debtors' chapter 13 plan filed January 26, 2009, is **DENIED**, and

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to dismiss the chapter 13 case unless debtors timely comply with the provisions of this court's order denying confirmation entered upon the docket on May 20, 2009.

Signed: May 29, 2009

        /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copy to:

Randy Van Nostrand
Rebecca L. Van Nostrand
5411 S. Oaks Avenue
Fredericksburg, Virginia 22407
*Chapter 13 Debtors*

Tommy Andrews Jr., Esquire

2

122 North Alfred Street
Alexandria, Virginia 22314
*Counsel for Debtors*

Carl M. Bates, Esquire
P.O. Box 1819
Richmond, Virginia 23218-1819

Susan H. Call, Esquire
Chapter 13 Trustee's Office
P. O. Box 1819
Richmond, Virginia 23218-1819